IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH TIMONEY, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WILLIAM LOUGHERY, et al. | : | NO. 14-4774 |

MEMORANDUM

Bartle, J.  December 19, 2014

This action arises out of an ownership dispute over a residential property in Upper Gwynedd Township (the "Township"), Montgomery County.  Plaintiff Joseph Timoney, Jr. ("plaintiff") has filed suit against the Township and one of its police officers, Edward Tartar ("Tartar") as well as three private individuals: William Loughery; his wife Jennifer Loughery; and Stephen Howard, a relative of the Lougherys and an attorney.  Plaintiff also names ten "John Does" as defendants.  In his First Amended Complaint, plaintiff asserts claims under 42 U.S.C. § 1983 for violation of the Fourth and Fourteenth Amendments to the United States Constitution[1] against all defendants.  The First Amended Complaint also contains negligence claims against the Lougherys and Howard and an assault and battery claim against Howard.  Before the court is the motion of the Township and Tartar to dismiss

---

1. Plaintiff characterizes these alleged constitutional violations as violations of his rights to procedural and substantive due process.

plaintiff's First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rule of Civil Procedure.

I.

The facts set forth in the First Amended Complaint, taken in the light most favorable to plaintiff, are as follows. Plaintiff alleges that his property, a house located in North Wales, Pennsylvania, was sold at a Sheriff's sale without his knowledge in December 2013. Plaintiff states that he learned of the sale when he arrived at the house in January 2014 to discover a van parked in the driveway and defendants Stephen Howard and William Loughery standing in the garage with a locksmith.

Plaintiff alleges that when he inquired about the presence of the three men in "his house," Howard informed him: "It's not your house – we bought it at Sheriff's Sale." A confrontation ensued, prompting the locksmith to call the Township police. An unidentified police officer arrived shortly thereafter,[2] followed by Tartar. According to plaintiff, Tartar directed him not to enter the home, and the unidentified officer stated, "[y]ou don't own the home – [defendants] bought it at Sheriff's Sale." Plaintiff claims that he explained that he had received no notice of the sale but that the officers ignored him.

---

2.  The locksmith and the unidentified officer are among the ten "John Doe" individuals listed as defendants in the First Amended Complaint.

-2-

Ultimately, plaintiff was permitted to enter the house for ten minutes to retrieve his personal belongings. The officers told plaintiff he would be contacted at a later date so that he could retrieve the rest of his belongings. According to plaintiff, Tartar added that if he returned to the house before that time he would be charged with trespassing and arrested. Since that time, plaintiff has not been contacted by defendants to retrieve his personal effects, which, he states, are worth approximately $10,000.

Plaintiff further pleads that Tartar, along with the non-moving defendants, "unlawfully allowed, assisted in, caused, and, in fact, executed a 'lockout'" even though no action in ejectment was ever filed against plaintiff. He also states:

> The conduct of municipal Defendants was part of a custom, policy and/or practice and these customs, policies or practices caused the violations of Plaintiff's rights. Upon information and belief, specifically, Defendants had a policy to enforce unlawful evictions without notice under color [of] State law, including by and through a failure to train, supervise, [or] otherwise abide due process and the law.

The moving defendants seek to dismiss plaintiff's claims against them on the basis that plaintiff has failed to state a claim upon which relief can be granted under § 1983. They argue that plaintiff has failed properly to allege that their actions constituted a constitutional violation and that the First Amended

Complaint contains no facts to support plaintiff's "blanket assertion" that the Township maintained a known policy, practice, or custom of enforcing unlawful evictions.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978).  The moving defendants also urge that Tartar is entitled to qualified immunity from both of plaintiff's claims against him.  Finally, they maintain that plaintiff's claims against Tartar must be dismissed to the extent that he is sued in his official capacity because such claims are "duplicative of suing the Township."

II.

When ruling on a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and draw all inferences in the light most favorable to the plaintiff.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008); Umland v. Planco Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008).  We must then determine whether the pleading at issue "contain[s] sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim must do more than raise a "'mere possibility of misconduct.'"  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Iqbal, 556 U.S. at 679).  Under this standard, "[t]hreadbare recitals of the elements of a

-4-

cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 578.

The moving defendants seek dismissal of Counts One and Two of plaintiff's First Amended Complaint insofar as these counts raise claims against them.  We turn first to Count One which alleges under § 1983 that all defendants violated plaintiff's rights under the Fourth and Fourteenth Amendments.  It is plaintiff's position that because he allegedly received no notice of the impending sale of his property, he was subjected to a "unilateral ejectment" in violation of his right to procedural and substantive due process.

> In relevant part, § 1983 provides:
>
> Every person whom under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Section 1983 does not create substantive rights in and of itself, but instead provides a remedy for violations of constitutional or other federally established rights.  Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  In order to state a claim for relief under § 1983, a plaintiff must allege in his complaint that he has been subjected to such a deprivation and that the deprivation "was

-5-

committed by a person acting under color of state law." Id. (internal citations omitted). Moreover, in order to state a § 1983 claim, a plaintiff must allege each defendant's "personal involvement in the alleged wrongs." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Such involvement can be shown "through allegations of personal direction or of actual knowledge and acquiescence." Id.

We note at the outset that Count One of plaintiff's First Amended Complaint raises constitutional claims under § 1983 against both the Township and Tartar (as well as the nonmoving defendants). The Supreme Court has construed § 1983 to establish liability against local governing bodies as well as individual persons. Monell, 436 U.S. at 690. To state a claim for this type of municipal liability, however, a plaintiff must plead facts which make a plausible showing that the municipality maintained a policy or custom which was "the 'moving force' behind a constitutional violation." Sanford v. Stiles, 456 F.3d 298, 314 (3d Cir. 2006) (citing Monell, 436 U.S. at 691); see also Iqbal, 556 U.S. at 678. Count One is devoid of any information to render plausible plaintiff's allegation that the Township maintained a policy or custom of "enforc[ing] unlawful evictions without notice under color of [s]tate law." See id. We will therefore dismiss Count One of the First Amended Complaint insofar as it alleges liability on the part of the Township.

Having resolved this initial point, we will proceed to consider whether Count One states a claim upon which relief can be granted insofar as it alleges liability under § 1983 on the part of defendant Tartar. Plaintiff's § 1983 claim in Count One is grounded in alleged deprivations of his constitutional rights stemming from the sale of his house and his subsequent ejectment therefrom. The factual allegations contained in plaintiff's First Amended Complaint, however, fail to state a claim against Tartar under § 1983. Nowhere in his First Amended Complaint does plaintiff allege that Tartar had "personal involvement" in the Sheriff's sale at which plaintiff's house was allegedly sold. See Rode, 845 F.2d at 1207. Nor does plaintiff claim that Tartar had personal involvement in the process (or lack thereof) for providing him with notice prior to the sale. See id.

To the extent that plaintiff bases his § 1983 claim against Tartar on the alleged "unilateral ejectment" that occurred in January 2014 when he encountered defendants at the disputed house following the Sherriff's sale, we similarly conclude that he has failed to state a claim. Even assuming that plaintiff has adequately alleged Tartar's "personal involvement" in the events of January 2014, his First Amended Complaint contains no indication that those events constituted or gave rise to a constitutional violation. See Rode, 845 F.2d at 1207. Instead, plaintiff simply characterizes these events as a "unilateral ejectment" which, he

states, "constituted a violation of [his] Constitutional right to procedural and substantive due process." These "threadbare recitals" of the elements of a constitutional violation, without factual support, are insufficient to support a cause of action under § 1983. See Iqbal, 556 U.S. at 578. As a result, we must dismiss Count One insofar as it alleges constitutional liability against Tartar.

We now turn to Count Two of plaintiff's First Amended Complaint. Count Two alleges that all defendants are liable under Monell, 436 U.S. 658, for "develop[ing] and maintain[ing] policies, practices, procedures and customs exhibiting deliberate indifference to the Constitutional rights of persons, which caused violations of Plaintiff's constitutional and other rights."

Just as Count One erroneously pleaded direct § 1983 liability against the Township without reference to Monell and its requirement of the involvement of an official policy or custom, Count Two fails to plead a viable Monell claim against defendant Tartar as well as the Township. In alleging Monell liability against Tartar, plaintiff overlooks the fact that Monell extends § 1983 liability to municipalities, rather than providing a freestanding cause of action against individual actors. See Monell, 436 U.S. at 690. To the extent that Count Two asserts that Tartar is liable under Monell, it must therefore be dismissed for failure to state a claim.

This leaves us with the allegations contained in Count Two of liability under Monell against the Township. Plaintiff states in Count Two that the Township (along with all other defendants) "developed and maintained policies, practices, procedures and customs exhibiting deliberate indifference to the Constitutional rights of persons, which caused violations of Plaintiff's constitutional and other rights." Nowhere in plaintiff's complaint does he plead facts to state a plausible claim that such "policies, practices, procedures, or customs" existed. See Iqbal, 556 U.S. at 678. The statement contained in Count Two is precisely the type of "[t]hreadbare recital[] of the elements of a cause of action" rejected by the Supreme Court. See id. Count Two of plaintiff's First Amended Complaint therefore fails to state a claim under Monell and must be dismissed insofar as it alleges liability against the Township.

Having determined that Counts One and Two of plaintiff's First Amended Complaint fail to state claims upon which relief can be granted against the moving defendants, we need not reach the moving defendants' claim that Tartar is entitled to qualified immunity, nor must we consider their claim that plaintiff's suit against Tartar in his official capacity is duplicative of his suit against the Township.