```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JOSEPH TIMONEY, JR.              :        CIVIL ACTION
                                 :
          v.                     :
                                 :
WILLIAM LOUGHERY, et al.         :        NO. 14-4774
```

MEMORANDUM

Bartle, J.                                          March 18, 2015

       This action arises out of an ownership dispute over a residential property in Upper Gwynedd Township, Montgomery County.

       Plaintiff Joseph Timoney, Jr. ("plaintiff") has filed suit against William and Jennifer Loughery (the "Lougherys") and Stephen Howard ("Howard"), an attorney and the father of Jennifer Loughery.  Plaintiff also names ten "John Does" as defendants.[1]  In his Second Amended Complaint, plaintiff asserts a claim against all defendants styled as "violation of due process [under the U.S. Constitution Amendments IV and XIV & State Law]."  The Second Amended Complaint also contains a negligence claim against all defendants and an assault and battery claim against Howard.  Before the court is the motion of Howard for dismissal of Timoney's constitutional claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

1.  In an order dated December 19, 2014, we dismissed additional claims raised by Timoney against Upper Gwynedd Township and one of its police officers, Edward Tartar.

I.

The facts set forth in the Second Amended Complaint, taken in the light most favorable to plaintiff, are as follows. Plaintiff alleges that his house in Upper Gwynedd Township[2] was sold without his knowledge to the LougheryS at a Sheriff's sale in December 2013. Plaintiff states that he learned of the sale when he arrived at the house in January 2014 to discover a van parked in the driveway and defendants William Loughery and Stephen Howard standing in the garage with a locksmith.

Plaintiff pleads that when he inquired about the presence of the three men in "his house," Howard informed him: "It's not your house – we bought it at Sheriff's Sale." A confrontation ensued, prompting the locksmith to call the Upper Gwynedd Township police. Two police officers arrived shortly thereafter and spoke to plaintiff and to the defendants separately. According to plaintiff, one of the officers directed him not to enter the home, and the other officer stated: "[y]ou don't own the home – [defendants] bought it at Sheriff's Sale." Plaintiff claims that he explained that he had received no notice of the sale but that the officers ignored him.

Ultimately, plaintiff was permitted to enter the house for ten minutes to retrieve some of his personal belongings. The

---

2. The disputed property has a postal address in North Wales, Pennsylvania, but is actually located in Upper Gwynedd Township.

officers told plaintiff he would be contacted at a later date so that he could retrieve the rest of his belongings.  According to plaintiff, he was also informed by the officers that if he returned to the house before that time he would be charged with trespassing and arrested.  Since that time, plaintiff has not been contacted to retrieve his personal effects, which, he states, are worth approximately $10,000.

Plaintiff now pleads that Howard and the other defendants "through . . . the Upper Gwynedd Police Department unlawfully executed a 'lockout' – even though a required action in ejectment was never filed by Defendants, William and Jennifer Loughery."  In Count I of his Second Amended Complaint, he maintains that defendants are liable for constitutional violations pursuant to 42 U.S.C. § 1983, alleging that defendants "clothed themselves with color of state authority through the use of the Upper Gwynedd Township Police Department" and that they are state actors within the meaning of § 1983 "[v]ia the Upper Gwynedd Township Police Department."  Finally, plaintiff pleads that the Upper Gwynedd Township conducted an ejectment "on the directive of Defendants" and that said defendants "caused the state to use legal and executory force."

Howard seeks dismissal of Count I of plaintiff's Second Amended Complaint insofar as it applies to him.[3]  He argues that plaintiff has failed properly to allege a constitutional violation pursuant to 42 U.S.C. § 1983.  Specifically, Howard takes the position that plaintiff has not adequately pleaded that Howard operated as a state actor or "under color of state law" as required for a successful § 1983 claim.  Howard also maintains that plaintiff has failed to plead any facts that would show any involvement by Howard in either a Fourth Amendment violation or a Fourteenth Amendment violation.

## II.

When ruling on a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and draw all inferences in the light most favorable to the plaintiff.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008); Umland v. Planco Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008).  We must then determine whether the pleading at issue "contain[s] sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim must do more than raise a

---

3. Defendant Howard's motion seeks partial dismissal of plaintiff's First Amended Complaint.  In an order dated March 6, 2015, we construed said motion as a motion for partial dismissal of plaintiff's Second Amended Complaint.

"'mere possibility of misconduct.'"  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Iqbal, 556 U.S. at 679). Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 578.

Count I of plaintiff's Second Amended Complaint asserts liability against Howard and the other defendants pursuant to 42 U.S.C. § 1983.  In relevant part, § 1983 provides:

> Every person whom under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Section 1983 does not create substantive rights in and of itself, but instead provides a remedy for violations of constitutional or other federally established rights.  Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  Significantly, in order to state a claim for relief under § 1983, a plaintiff must allege in his complaint that he has been subjected to such a deprivation and that the deprivation "was committed by a person acting under color of state law."  Id. (internal citations omitted).  Moreover, in order to state a § 1983 claim, a plaintiff must allege each defendant's

"personal involvement in the alleged wrongs."  <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988).

      Plaintiff appears to take the position that Howard, along with the Lougherys, is liable for constitutional violations because he engaged the Upper Gwynedd Township Police Department to remove plaintiff from the disputed property.  It is plaintiff's contention that his ejectment from the home, which allegedly took place in violation of his right to due process, amounted to a constitutional violation for which Howard and the other defendants can be held responsible.

      Nowhere in the Second Amended Complaint, however, does plaintiff plead facts linking Howard to the challenged state action.  According to the Second Amended Complaint, it was the Lougherys, and not Howard, that purchased the disputed house at a Sheriff's Sale.  Plaintiff does not allege that Howard played any role in the sale.  Nor did Howard play any role in "enlisting" the police to remove plaintiff from the house.  Indeed, according to the Second Amended Complaint, it was the locksmith – and not Howard or either of the Lougherys – who called the police department.  While plaintiff claims that the responding officers "spoke to Plaintiffs [sic] and Defendants separately," he does not allege that Howard gave any direction to the police or to any other state actor.  In sum, plaintiff has failed adequately to plead Howard's "personal involvement in the alleged wrongs."  <u>See</u> <u>Rode</u>, 845 F.2d

at 1207.  Insofar as it applies to Howard, Count I of plaintiff's Second Amended Complaint contains nothing more than "[t]hreadbare recitals of the elements of" a § 1983 claim.  See Iqbal, 556 U.S. at 578.

In his opposition to Howard's motion to dismiss the Second Amended Complaint, plaintiff also argues that the motion must be denied because Howard has previously filed an answer to plaintiff's original complaint.  This position is totally without merit.

For the foregoing reasons, Howard's motion for partial dismissal of plaintiff's First Amended Complaint, construed as a motion for partial dismissal of plaintiff's Second Amended Complaint, will be granted.